UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL PATRICK GALA,

    Plaintiff,

v.                          Case No: 2:23-cv-642-JES-KCD

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Kyle C. Dudek's Report and Recommendation (Doc. #22), filed on April 3, 2024, recommending that the Decision of the Commissioner be affirmed. Plaintiff filed an Objection to the Report and Recommendation (Doc. #23) on April 17, 2024. The Commissioner did not file a response.

*I.*

A district court must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made and to matters of law. See 28 U.S.C. § 636(b)(1)(C). The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Walker v. Soc. Sec. Admin., Comm'r, 987 F.3d 1333, 1338 (11th Cir. 2021); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence

is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1060 (11th Cir. 2021); Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315, 1320 (11th Cir. 2021). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Buckwalter, 5 F.4th at 1320; Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1104 (11th Cir. 2021); Buckwalter, 5 F.4th at 1320. The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Pupo, 17 F.4th at 1060.

## II.

Following the familiar five-step process applicable to applications for Supplemental Security Income (SSI)[1], the Administrative Law Judge (ALJ) found:

Step One: Plaintiff had not engaged in substantial gainful activity since February 18, 2021, the date his SSI application was filed. (Tr. 12.)

---

[1] Pupo, 17 F.4th at 1057.

Step Two: Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease (COPD), obesity, bipolar disorder, cannabis abuse disorder, post-traumatic stress disorder (PTSD), anxiety, and depression. (Tr. 12.)

Step Three: Plaintiff's impairments or combination of impairments did not meet or equal the medical severity criteria establishing disability. The ALJ found that plaintiff had a moderate limitation with understanding, remembering, or applying information, and a moderate limitation in interacting with others. The ALJ also found a moderate limitation with concentrating, persisting, or maintaining pace, and for adapting or managing oneself.

Step Four: Plaintiff had the residual functional capacity (RFC) to lift/carry 20 pounds occasionally and 10 pounds frequently; sit, stand and/or walk for 6 hours in an 8 hour workday, occasionally climb ramps or stairs but no climbing of ladders, ropes, or scaffolds; frequent balancing, stooping, kneeling, and crouching; no crawling; must avoid concentrated exposure to extreme heat and humidity; must avoid concentrated exposure to irritants such as fumes, odors, dusts, and gases; and no exposure to hazardous machinery or unprotected heights. The ALJ found that plaintiff was able to understand, remember, and carry out simple tasks while maintaining attention and

concentration for 2 hours at a time before requiring a regular scheduled break; no fast-paced production; low stress work defined as only occasional decision-making and only occasional changes in the work setting; occasional interaction with coworkers and supervisors; and no interaction with the public.  (Tr. 16.)

Step Five:  Relying in part on the testimony of a vocational expert, the ALJ found three jobs in the national economy that plaintiff could perform: Routing Clerk, Photocopy Machine Operator, and Marker.  The AL determined that plaintiff was not disabled. (Tr. 24.)

### III.

The Magistrate Judge issued a Report and Recommendation (Doc. #22) recommending that the Commissioner's Decision be affirmed. Plaintiff filed an objection arguing that the ALJ failed to consider subjective complaints and the Magistrate Judge erred by finding that the ALJ did so. The Court reviews *de novo* the issue of whether the ALJ failed to consider subjective complaints.

**A. Social Interaction**

Plaintiff notes that the Magistrate Judge's conclusion that plaintiff's ability to obtain food from food kitchens, socialize with friends, and go out alone were inconsistent with plaintiff's reports of social functioning deficits.  (Doc. #23, pp. 2-3.) Plaintiff argues that the Magistrate Judge ignored plaintiff's testimony that he only saw his friends once a week.  (Tr. 49.)

Plaintiff testified that he sees friends once a week at the house or he goes to someone's house.  Plaintiff also testified that he just goes to the Dollar Store near his sister's house, in and out quickly because it feels like everyone is talking about him.  (Tr. 41, 49.)  The ALJ cited to a Function Report completed by plaintiff on March 20, 2021, to support a finding that plaintiff goes shopping, drives, socializes, and tends to his personal needs.  (4E, Tr. 216-217.)  A later Report dated May 20, 2022, also states that plaintiff shops at the Dollar Store and he has never been social, preferring to be alone.  (Tr. 234-235.)  The ALJ considered the global assessment of functioning (GAF) scores but found them unpersuasive because they do not reflect all of the person's activities and incorporate external factors.  (Tr. 22.)  The ALJ found that the medical evidence did not support plaintiff's claim that he is functionally limited.  (Tr. 23.)

The ALJ properly considered plaintiff's daily activities to determine that the subjective complaints were not credible.  <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1212 (11th Cir. 2005).  Substantial evidence supports the ALJ's finding, and there was no error by the magistrate judge in making such a finding.

**B. Non-Compliance with Treatment**

Plaintiff argues that the ALJ only made one reference to his inability to afford treatment, but plaintiff's compliance with treatment was clearly a significant factor in the ALJ's decision.

Plaintiff argues that the ALJ failed to consider the subjective reporting along with the objective evidence. (Doc. #23, pp. 3-4.)

The ALJ found that plaintiff has been noncompliant with medications, there was no evidence in the record that plaintiff had sought low-cost or charitable medications, and plaintiff self-treated with marijuana. (Tr. 20.) The ALJ wanted "the record to be clear" that he was not evaluating credibility and the reasons he asked about marijuana was regarding plaintiff's ability to afford medication and his pulmonary functioning. (Tr. 61.)

"[W]hen an ALJ relies on noncompliance as the sole ground for the denial of disability benefits, and the record contains evidence showing that the claimant is financially unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment." Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003) (citation omitted). The ALJ specifically noted that he was not holding plaintiff's noncompliance against him because of a lack of finances. (Tr. 61.) The ALJ did not err.

After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

    1.    The Report and Recommendation (Doc. #22) is **accepted and adopted** by the Court.

    2.    Plaintiff's Objection (Doc. #23) is **OVERRULED**.

    3.    The Decision of the Commissioner of Social Security is **affirmed**.

    4.    The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __17th__ day of May 2024.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Kyle C. Dudek
U.S. Magistrate Judge

Counsel of Record